# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| United States of America<br><br>v.<br><br>Jeffrey Broderick,<br><br>Defendant. | Case No.<br><br>**19MJ04641** |

FILED CLERK U.S. DISTRICT COURT
OCT 30 2019
CENTRAL DISTRICT

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of October 29, 2019, in the county of Los Angeles in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute a Controlled Substance |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/
Complainant's signature

Wilford Claiborne, U.S. Postal Inspector
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/30/19

CHARLES F. EICK
*Judge's signature*

City and state: Los Angeles, California

Hon. Charles Eick, U.S. Magistrate Judge
*Printed name and title*

# **AFFIDAVIT**

I, Wilford Claiborne, being duly sworn, declare and state as follows:

## **I.  PURPOSE OF AFFIDAVIT**

1.  This affidavit is made in support of a criminal complaint against Jeffrey Broderick ("BRODERICK") for a violation of 21 U.S.C. § 841(a)(1): Possession with Intent to Distribute a Controlled Substance.

2.  This affidavit is also made in support of an application for a warrant to search a United Parcel Service package with tracking number 1Z60RV441391663759 ("SUBJECT PARCEL"), in the custody of the United States Postal Inspection Service ("USPIS"), in Los Angeles, California, as described more fully in Attachment A.

3.  The requested search warrant seeks authorization to seize evidence, fruits, or instrumentalities of violations of 21 U.S.C. § 841(a)(1) (possession with intent to distribute controlled substances), 21 U.S.C. § 843(b) (unlawful use of a communication facility, including the mails, to facilitate the distribution of a controlled substance) and 21 U.S.C. § 846 (conspiracy and attempt to distribute controlled substances (the "Subject Offenses"), as described more fully in Attachment B. Attachments A and B are incorporated herein by reference.

4.  The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show merely that there

is sufficient probable cause for the requested complaint and search warrant, and does not purport to set forth all of my knowledge of, or investigation into, this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND OF AFFIANT

5. I am a Postal Inspector with the United States Postal Inspection Service ("USPIS"), Los Angeles Division, in Los Angeles, California and have been so employed since August 2013. From August 2013 until November 2017, I was assigned to the Los Angeles Mail Theft Team. I am currently assigned to the Prohibited Mailing and Illegal Narcotics Team. I have completed a twelve-week Postal Inspector Basic Training course, which included training in the investigation of narcotics trafficking via the United States Mail.

6. Additionally, I have worked dozens of drug cases involving such narcotics as cocaine, methamphetamine, fentanyl, heroin, GHB, and many other controlled substances. I have managed two Los Angeles Division teams in the past seven months, including the prohibited mailing narcotics team for three months. I have performed controlled deliveries of narcotics as well as drug proceeds, participated and overseen the execution of residential search warrants and surveillance of individuals and vehicles. I have provided training to new narcotic team members on how to pursue narcotic suspects including profiling of parcels suspected to contain narcotics and/or proceeds

derived from the sales of narcotics. I have attended approximately ten trainings related specifically to narcotics within the last three years.

### III. SUMMARY OF PROBABLE CAUSE

7. On October 29, 2019, United States Postal Inspectors executed a federal search warrant at BRODERICK's apartment located at 5217 Hollywood Boulevard, Apartment 408, Los Angeles, CA 90027 (the "Residence") and found approximately 1,762 gross grams of methamphetamine at the Residence. While Inspectors were executing the federal search warrant, UPS delivered the SUBJECT PARCEL to the door of the Residence. Post-Miranda, BRODERICK said the methamphetamine located in Residence was his and that he thinks the SUBJECT PARCEL contains $9,000, which is payment for methamphetamine BRODERICK had previously sold.

### IV. STATEMENT OF PROBABLE CAUSE

8. Based on my review of law enforcement reports, conversations with other law enforcement agents, and my own knowledge of the investigation, I am aware of the following:

**A. Federal Search Warrant Executed at the Residence.**

9. On October 28, 2019, the Honorable Alicia G. Rosenberg, U.S. Magistrate Judge, authorized a federal search warrant, 2:19-MJ-04570, for the Residence, which was solely occupied by BRODERICK. The search warrant authorized Inspectors to search for evidence, fruits, and instrumentalities of possession with intent to distribute controlled substances and conspiracy to do the same, in violation of 21 U.S.C. §§ 841, 846.

10. When Inspectors entered the Residence, they found small quantities of suspected methamphetamine laid out onto a table adjacent to baggies. During the execution of the warrant, BRODERICK was read his Miranda rights, acknowledged he understood them, and agreed to speak with Inspectors. Post-Miranda, BRODERICK gave me the code to a safe found within the Residence. Within the safe, packages containing approximately 1,762 gross grams of a crystal-like substance that appeared to be methamphetamine were found. A sample of the suspected methamphetamine recovered from the safe was tested using a TruNarc Handheld Narcotics Analyzer, and the test came back positive for methamphetamine.

11. BRODERICK was placed under arrest at approximately 2:30 p.m. after the methamphetamine was recovered from the safe.[1]

**B.   Delivery of the SUBJECT PARCEL and BRODERICK's Admission of the SUBJECT PARCEL's Contents.**

12. While Inspectors were executing the search warrant of the Residence, the SUBJECT PARCEL was delivered and placed in front of the Residence's door. The SUBJECT PARCEL was addressed to "JEFFREY BRODERICK APT 408 5217 Hollywood Blvd LOS ANGELES,

---

[1] I initially handcuffed and detained BRODERICK at approximately 12:00 p.m. BRODERICK was handcuffed after he followed Inspectors into the lobby of the apartment complex where BRODERICK lives to ask what Inspectors were doing in the hallway outside of the Residence. Inspectors were examining the layout of the apartment complex because Inspectors were originally planning to execute the search warrant for the Residence on October 30. But because I was approached by BRODERICK, I decided to detain and prevent him from reentering the Residence (and possibly destroying evidence), while a sufficient number of Inspectors could arrive to safely search the Residence a day earlier than planned.

4

CA 90027-4968." The return address was listed as "CHRIS SIGMON (704)689-8434 27 LENICK SHELBY NC 28152."

13. Following the search of the Residence, BRODERICK requested to speak with Inspectors after he was transported from the Residence to the USPIS Alameda Domicile, located in Los Angeles. I again read BRODERICK his Miranda Rights, BRODERICK reiterated that he understood his rights, and said he was willing to speak with me.

14. Post-Miranda, BRODERICK said he sells methamphetamine to a person named Chris Sigmon ("SIGMON") and that BRODERICK stated he has previously sold pounds of methamphetamine to SIGMON on prior occasions. BRODERICK stated he planned to ship the methamphetamine found in the safe Inspectors located in the Residence to SIGMON, who BRODERICK believed was in Charlotte, North Carolina. BRODERICK said he thinks the SUBJECT PARCEL contains $9,000, which was payment from SIGMON to BRODERICK for methamphetamine. BRODERICK said there were text messages in an iPhone, which Inspectors had seized and had authority to view under the search warrant. BRODERICK directed Inspector Thompson and me to a text message conversation between BRODERICK and SIGMON. I reviewed several text messages and found a discussion about the sale of methamphetamine between BRODERICK and a contact in BRODERICK's phone listed as "Chris," the first name of SIGMON.

### V. TRAINING AND EXPERIENCE ON DRUG OFFENSES

15. Based on my training and experience and familiarity with investigations into drug trafficking conducted by other law enforcement agents, I know the following:

   a. Drug trafficking is a business that involves numerous co-conspirators, from lower-level dealers to higher-level suppliers, as well as associates to process, package, and deliver the drugs and launder the drug proceeds.

   b. Drug traffickers often maintain books, receipts, notes, ledgers, bank records, and other records relating to the manufacture, transportation, ordering, sale and distribution of illegal drugs. Such records may be in parcels mailed between drug traffickers are records of sales.

   c. Los Angeles is a major source area for drugs. As such, drugs are frequently transported from Los Angeles through the mail, or other couriers such as UPS and Federal Express and the proceeds from drugs sales are frequently returned to Los Angeles through the mail and such couriers.

   d. Drug traffickers often use vacuum sealing, cellophane, and carbon paper to wrap currency in an attempt to prevent law enforcement canines from positively alerting to the smell of drugs on the currency and also use carbon paper in this manner to hide the currency from x-ray detection.

   e. Drug traffickers often use USPS Priority Mail Express and UPS Next Day Air Services, which are the USPS and UPS's overnight/next day delivery product. Drug traffickers use these next day delivery services because of their speed,

reliability, and the ability to track parcel's progress to delivery.

### VI. CONCLUSION

16. For all of the reasons described above, there is probable cause to believe that JEFFREY BRODERICK has committed a violation of 21 U.S.C. § 841(a)(1): Possession with Intent to Distribute a Controlled Substance. There is also probable cause that the items to be seized described in Attachment B will be found in a search of the SUBJECT PARCEL described in Attachment A.

/s/
_____
Wilford Claiborne, U.S. Postal Inspector
U.S. Postal Inspection Service

Subscribed to and sworn before me this 30th day of October, 2019.

CHARLES F. EICK
_____
HONORABLE CHARLES EICK
UNITED STATES MAGISTRATE JUDGE